FILED

2013 Nov-05  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRY PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-12-S-3999-NE |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Terry Pack, commenced this action on November 30, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th

Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) the ALJ's finding that he is capable of performing light work is not supported by substantial evidence; (2) the ALJ improperly evaluated his credibility; and (3) the ALJ did not properly consider the combined effect of his multiple impairments. Upon review of the record, the court concludes that these contentions are without merit.

## A.    Light Work

The ALJ found that claimant had the residual functional capacity to perform light work with the following limitations:

> The claimant can lift and carry twenty pounds occasionally and ten pounds frequently. Occasionally, he can climb ramps and stairs. The claimant is restricted from performing activities that require balancing, kneeling, crouching, crawling and the climbing of ladders, ropes, and scaffolds. Occasionally, he can push and pull with the right and left lower extremities. He should avoid concentrated exposure to cold, wetness and humidity and avoid all exposure to unprotected heights. The claimant has the mental residual functional capacity to perform unskilled work that is low stress. He is capable o[f] making simple work-related decisions with few work place changes. Interaction with supervisors should be causal.[1]

Claimant asserts that the ALJ's residual functional capacity finding "conflicts

---

[1] Tr. 16 (alteration supplied).

2

with the substantial weight of the evidence,"[2] and that, instead, the ALJ should have found him capable of performing sedentary work, at most.[3]   That distinction is significant because, as an individual "closely approaching advanced age," and with skills that are not easily transferable to other work, claimant would be disabled under Medical-Vocational Rule 201.10 if he were capable of only sedentary work.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10.[4]

Social Security regulations define "light" work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  Sedentary work, in contrast,

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

---

[2] Doc. no. 8 (claimant's brief), at 4.

[3] *See id.* at 6 ("The Plaintiff's limitations resulting from his degenerative disc disease and diabetic neuropathy certainly preclude the ability to perform the demands of light work and limit him to sedentary work, at best.").

[4] It appears undisputed that claimant was an individual "closely approaching advanced age" at the time of his disability onset, that he had limited or less education, and that he did not have transferable job skills.

> Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Plaintiff primarily relies upon the fact that he has been diagnosed with diabetic neuropathy, lumbar degenerative disc disease, and knee pain.  Of course, the mere existence of those impairments is not enough to support a finding of disability. Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on his ability to perform substantial gainful work activities.  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).  The record does not contain any medical evidence actually indicating a disabling level of functional impairments.

**B.    Credibility**

Claimant also argues that the ALJ improperly evaluated his credibility.  To demonstrate that pain or another subjective symptom renders him disabled, claimant

must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  Furthermore, "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied).  Social Security regulations also provide that the following factors can be considered in evaluating the credibility of a claimant's allegations of pain:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication

you take or have taken to alleviate your pain or other symptoms;

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(3)(i)-(vii).

The ALJ found that claimant had underlying medical conditions, but that the medical evidence did not support claimant's allegations of "severe and chronic limitation of function to the degree that it would preclude the performance of all substantial gainful activity."[5]   The ALJ also found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[6] Those findings were in accordance with applicable regulatory authority.  The ALJ also adequately articulated the reasons for his findings.  The ALJ stated that the medical evidence did not confirm the severity of claimant's conditions, that claimant did not seek treatment

---

[5] Tr. 17.

[6] *Id.*

6

from a specialist, that he took only over-the-counter medication for his pain, that claimant's allegations were inconsistent with his daily activities, and that claimant had provided inconsistent reports of his history of drug and alcohol use and mental health history.[7]   Claimant asserts, nonetheless, that the ALJ's treatment of some of the evidence on credibility was improper.

### 1.    Daily Activities

Claimant first asserts that the ALJ improperly considered his daily activities. The ALJ noted that claimant was able to drive himself to the hearing — and to drive two to three times a week — despite his back and knee pain, diabetic neuropathy, and visual impairments.  The ALJ also noted that, despite claimant's diabetic neuropathy, he could still take care of his personal needs, prepare sandwiches or a light meal, and shop for groceries.  It is true that the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis v. Callahan,* 125 F. 3d 1436, 1441 (11th Cir. 1997).  Even so, as set forth above, Social Security regulations expressly provide that a claimant's ability to carry out daily activities should be considered as one factor in the disability determination process.  *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's pain).  Here, claimant's daily activities were

---

[7] Tr. 17-19.

not the only factor the ALJ considered in evaluating the credibility of claimant's pain allegations.  The ALJ also considered the consistency of claimant's allegations with the medical evidence of record, claimant's treatment history, and inconsistencies in claimant's testimony.

### 2.    Longitudinal medical record

Claimant also asserts that the ALJ "failed to properly credit the longitudinal medical evidence in this case."[8]  *See* SSR 96-7p ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").  It is true that claimant's records have consistently included notations of uncontrolled diabetes.  Even so, there is no indication in the record that his diabetes actually caused disabling functional impairments.[9]  Claimant then points to several occasions on which he visited the emergency room between April and June of 2009 for treatment of back pain and numbness in his lower extremities.  A period of emergency room treatment spanning only a few months cannot reasonably be considered "longitudinal."  *See* 20 C.F.R. § 404.1505 (providing that a disability finding must be based on a condition

---

[8] Doc. no. 8, at 9.

[9] *See supra*, Section A.

that "has lasted or can be expected to last for a continuous period of not less than 12 months").

### 3.   Treatment history

Next, claimant argues that it was improper for the ALJ to consider his failure to seek more aggressive treatment as a factor in evaluating his credibility, because he could not afford any further treatment.  Plaintiff testified during the administrative hearing that his doctor recommended an MRI to assess his back condition, but he could not afford to have the test because he did not have medical insurance.[10]  The ALJ considered, in evaluating claimant's subjective impairments, that although claimant alleged his back and leg pain were disabling conditions, he reported to the consultative examiner that he never had any medical assessment of his back condition other than emergency room x-rays, and he had never received treatment from a specialist.[11]  The ALJ also noted that claimant had not seen a regular doctor for his diabetes in more than eight months.[12]

It is well settled that "poverty excuses [a claimant's] noncompliance" with medical treatment.  *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988) (alteration supplied).  Thus, "while a remediable or controllable medical condition is generally not disabling, when a 'claimant cannot afford the prescribed treatment *and*

---

[10] Tr. 40.

[11] Tr. 17.

[12] Tr. 18.

*can find no way to obtain it*, the condition that is disabling in fact continues to be disabling in law.'" *Id.* (quoting *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986)) (emphasis supplied).  The Eleventh Circuit has also held that "when an ALJ relies on noncompliance as the *sole ground* for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins,* 848 F.2d at 1214) (emphasis supplied).

Here, there is no evidence regarding whether claimant attempted to obtain care despite his lack of medical insurance and inability to afford treatment.  Claimant did not testify about that subject during the administrative hearing, and the ALJ did not ask any questions or request any additional records to explore claimant's efforts to obtain treatment.  Even so, it is clear that claimant's failure to seek more aggressive treatment was not the sole ground for the ALJ's decision not to fully credit claimant's subjective complaints.  The ALJ also relied upon the inconsistency of claimant's complaints with the medical evidence, claimant's daily activities, claimant's past work history since the onset of his impairments, and other inconsistencies in claimant's testimony.  Thus, the ALJ's consideration of claimant's failure to seek more aggressive treatment was, if anything, harmless error.  *See Beegle v. Social Security*

*Administration, Commissioner,* 482 F. App'x 483, 487 (11th Cir. 2012) ("[T]he ALJ must consider evidence showing that the claimant is unable to afford medical care before denying disability insurance benefits based upon the claimant's non-compliance with such care. . . .  Nonetheless, reversible error does not appear where the ALJ primarily based her decision on factors other than non-compliance, and where the claimant's non-compliance was not a significant basis for the ALJ's denial of disability insurance benefits.") (citing *Ellison,* 355 F.3d at 1275-76) (alterations supplied).

## C.    Combined Effect of Impairments

Claimant's final argument is that the ALJ did not properly the combined effect of *all* of his impairments, particularly his anxiety.  Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523.  *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that,

when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

Here, even though the ALJ did not find claimant's anxiety to be a severe impairment, he did discuss the evidence of claimant's anxiety symptoms, including the records of an emergency room visit and the report of Dr. Jon Rogers, the consultative psychological examiner.[13]   Moreover, the ALJ's residual functional capacity finding included limitations to low-stress work with only casual interaction with supervisors, few work place changes, and simple work related decisions.[14]  Those limitations indicate that the ALJ took claimant's anxiety symptoms into consideration. Finally, the ALJ explicitly stated that claimant did not have an impairment, *or combination of impairments*, that met or equaled one of the listed impairments.[15]  The ALJ also stated that he had considered "all symptoms" before reaching his residual functional capacity finding, and that claimant's subjective complaints were not supported by the record *as a whole*.[16]  These statements are sufficient to indicate that the ALJ properly considered all of claimant's impairments.  *See Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,*

---

[13] Tr. 14, 15.

[14] Tr. 16.

[15] Tr. 15.

[16] Tr. 16, 19.

941 F.2d 1529, 1533 (11th Cir. 1991).

**D.      Conclusion and Order**

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 5th day of November, 2013.

_____
United States District Judge